IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>VS.<br><br>PYROTECHNIC SPECIALTIES, INC.,<br>DAVID J. KARLSON,<br>F. BRAD SWANN,<br>DANIEL RAMONE, and<br>GLENN D. CUNDIFF,<br>    Defendants | NO. 5:08-CR-24 (CAR) |

**O R D E R**

Pending before the court is a MOTION TO DISQUALIFY COUNSEL filed on behalf of the United States. Tab #81. Therein, the government contends that several conflicts of interest exist as between the defendants and their chosen counsel. These conflicts involve, *inter alia*, (a) successive representation allegedly resulting in the improper transfer of confidential information, (b) improper joint representation insofar as the corporate entity defendant is paying the legal fees of several individual defendants and (c) representation of the corporate entity defendant and its CEO by the same law firm.

In their motion, the government requested that the court inquire as to grounds for disqualification of counsel by completing a number of tasks. The list of requested tasks included (a) holding a hearing on the motion, (b) conducting an *in camera* examination of each defendant, (c) conducting an *in camera* examination as to any joint defense agreement, (d) making a determination as to whether any conflicts actually exist, (e) determining, in the event that one or more conflicts exist, whether these conflicts could be waived, (f) in the event that the conflicts could be waived, obtaining waivers on the record, or (g), in the event that the conflict could not be waived, disqualifying counsel from further participation is the instant matter.

At the outset, the undersigned notes that, despite the government's position to the contrary, when seeking to disqualify opposing counsel, the burden on the moving party consists of more than merely *notifying* the court that a conflict of interest *may* exist. Because a party is presumptively entitled to the counsel of his choice, that right may be overridden only if "compelling reasons" exist. ***In re BellSouth Corp.*,** 334 F.3d 941 (11th Cir. 2003) (internal citations omitted). Moreover, the presumption that a party is entitled to counsel of choice may only be overcome by a showing of an actual conflict or potentially serious conflict. *Id.* The party moving to disqualify counsel therefore bears the burden of *proving* the grounds for disqualification. *Id.*

Notwithstanding the requirement of proving grounds for disqualification, and in keeping with the court's obligation to take measures against any *potential* unethical conduct occurring in connection with any proceeding before it, the undersigned conducted hearings with the parties, as well as *in camera* examinations of defendant Daniel Ramone and potential witnesses. During these hearings, the government failed to produce evidence in support of its allegations; the government simply repeated its position that its only obligation was to inform the court of a potential conflict.

Upon careful consideration of the argument of counsel for the government, of the statements and argument of counsel for the defendants, and of the testimony elicited *in camera*, the undersigned finds no support for the government's contention that conflicts of interest exist and/or that any counsel should be disqualified. Likewise, the undersigned finds no support for the proposition that any agreement exists among the defendants which flies in the face of any defendant's right to effective *individual* representation, free from improper influence by another defendant or another defendant's legal representative. Specifically, it has been established to the satisfaction of the court that any payment of other defendants' attorneys' fees by defendant Pyrotechnic Specialties, Inc. is free from illegal and improper influence; that no confidential information was transferred as the result of successive representation; and that joint representation of Pyrotechnic Specialties, Inc. and its CEO, David J. Karlson does not create a conflict of interest requiring separate representation.

Accordingly, the government's MOTION TO DISQUALIFY COUNSEL is **DENIED**.

SO ORDERED AND DIRECTED, this 17th day of SEPTEMBER, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE